Mr. Justice Scott delivered the opinion of the Court. By the common law, if a party obtaining a judgment, failed to sue out execution within a year afterwards, he was driven to his action of debt upon the judgment, in which the defendant had an opportunity to prove that he had discharged it, if he had really doneso. Afterwards, however, by statute 13 Edw. 1, St. 1, chap. 45, it was provided that, after the judgment had run out of date, the plaintiff might revive it by the process of scire facias, in which, after the defendant had had like opportunity of defence and had failed, it should be adjudged to the plaintiff that he should have the effect of his judgment, and be permitted to sue out execution thereon. And thus the plaintiff was saved from the necessity of his action of debt upon the judgment, when he would have obtained a new judgment, and not a revival of the old one, as by this then new remdy oí scire facias. By the provision of our statute, (Dig., p. 255, ch. 35, sec 1,) adopting all the British statutes in aid of, or to supply the defects of the common law made prior to the fourth year of James 1, the benefits of this statute of 13 Edw. are preserved to us. But it will be perceived that that remedy could only be used after a judgment had been out of date, and hence, when our statute made provision in respect to the lien of judgments and their revivor, there was no way to preserve such lien unbroken without further legislative provision as to the process of scire facias. And this was had in the provision authorizing the process to issue before the expiration of the lien, and declaring the effect of a revivor on that process. In the light of this exposition, it will be seen at once, (and without any regard to the obvious defects of the plea interposed in this case, in which independent matter in abatement and in bar, if good for either, are commingled,) that the fact set up, that the lien of the judgment had long since expired, was no defence at all, because the plaintiff had a right to revive his judgment by sere facias under the old law, without any regard to whether the process issued before or after the lien of the judgment sought to be revived, had expired. And the other fact interposed relating to the defendant’s residence in the county of Ashley, was equally unavailable as matter in abatement; because it is perfectly clear that the process of scire facias to revive judgments as a remedy in general, may, under the provision of our statute, run into any county from that in which the judgment is fixed. (Dig., p. 623-24, ch. 93, sec. 9, 10, 11, 12, and 13. Ib., p. 796, ch. 127, sec. 7. 2 Eng. R. 442.) The judgment of the court below was, in our opinion, erroneous upon the law as raised on the demurer, andit must therefore be reversed, and the cause remanded.